UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT A. WHITTINGTON,

    Plaintiff,

    v.

INTERNAL REVENUE SERVICE;
CHRISTOPHER D. HARLOW; and
PATRICK E. MCNEIL,

    Defendants.

CASE NO. MC10-5016BHS

ORDER GRANTING
DEFENDANTS' UNOPPOSED
MOTION TO DISMISS

    This matter comes before the Court on Defendants' ("IRS") unopposed motion to dismiss (Dkt. 8) Plaintiff's ("Whittington") petition to quash third party summonses (Dkt. 1). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

    Whittington filed this miscellaneous action to quash summonses issued by the IRS, which were issued to obtain certain bank records belonging to Whittington and maintained at Columbia State Bank ("CSB"). Dkt. 1; *see also* Declaration of Christopher Harlow ¶ 3, Ex. ¶ 1 (Harlow Decl.). The IRS has since withdrawn those administrative summonses. Harlow Decl. ¶ 3, Ex. 1. Although the IRS received the information

ORDER - 1

requested from CSB, the IRS did not review the information and returned it to the issuing bank. *Id.* ¶ 4.

The IRS now moves to dismiss this action on the basis that the original motion to quash is now moot because the IRS withdrew the summonses on which Whittington's petition is based. *See* Dkt. 8 at 2. The IRS further argues that the Court lacks subject matter jurisdiction because there is no longer a case or controversy given that the IRS withdrew the summonses complained of by Whittington. *Id. See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'") (citations omitted).

The Court agrees that no controversy remains, which leaves the Court without subject matter jurisdiction over this matter. *See, e.g.,* Fed. R. Civ. P. 12(b)(1). Even if a controversy remained, the petition to quash (Dkt. 1) is mooted by the fact that the IRS withdrew the summonses on which Whittington's petition is based. Further still, Whittington did not oppose the IRS's motion to dismiss; the Court, thus, deems the motion to have merit. Local Rule 7(b)(2).

Therefore, it is hereby **ORDERED** that the IRS's unopposed motion to dismiss is **GRANTED** and this matter is now closed.

DATED this 14th day of September, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 2